IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD ROGER DEUCHER,<br><br>Defendant. | **ORDER TO CONTINUE JURY TRIAL**<br><br>Case No. 2:16-cr-00189-DN<br><br>Judge David Nuffer |

Based on the Motion to Continue Jury Trial[1] filed by defendant, CHAD ROGER DEUCHER, in the above-entitled case, and for good cause appearing, the court makes the following findings:

1. Defendant first appeared in this court on May 27, 2016 for the initial appearance on the Indictment returned in this matter.[2] At the indictment, trial was set to begin August 1, 2016.[3] At a subsequent status conference on June 21, 2016, the August 1, 2016, trial date was vacated and the Speedy Trial Act clock was tolled until the next status conference on July 12, 2016.[4] The days between June 21, 2016, and July 12, 2016, were later formally excluded from the Speedy Trial Act clock.[5] The court also excluded the days between July 12, 2016, and August 9, 2016.[6] At

---

[1] Unopposed Motion to Continue Trial Date and to Exclude Time Under the Speedy Trial Act (Motion), docket no. 24, filed October 6, 2016.
[2] Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells, docket no. 6, entered May 27, 2016.
[3] *Id.*
[4] Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells, docket no. 10, entered June 21, 2016.
[5] Order Setting Status Conference and Excluding Time from Speedy Trial Act Computation, docket no. 15, entered July 14, 2016.
[6] Order Setting Status Conference and Excluding Time from Speedy Trial Act Computation, docket no. 16, entered

        a status conference hearing August 9, 2016, the parties requested a change of plea hearing date.[7] The court excluded the time between August 9, 2016, and September 7, 2016.[8] The change of plea hearing date was rescheduled for September 13, 2016.[9] On September 13, 2016, the jury trial was scheduled for November 7, 2016,[10] which was not within the 70-day time period of the Speedy Trial Act.

2.     A total of 53 days have run on the Speedy Trial Act clock.[11]

3.     Defendant has moved to continue trial pursuant to 18 U.S.C. § 3161(h)(7) (ends of justice).[12] This is the first motion to continue trial in this matter.

4.     The length of delay requested is 240 days.[13]

5.     Specifically, defendant has alleged that the continuance is necessary because the failure to grant a continuance will result in a miscarriage of justice because the case is so complex and it would be unreasonable to expect adequate preparation by defense counsel within the limits set by the Speedy Trial Act.[14]

6.     The facts that support this allegation include the following: (a) This case involves large amounts of discovery (more than 20,000 pages and an unknown amount of audio files), some of which was provided to the defense less than one month ago.[15] (b) Some of the discovery has just barely become accessible to the defense

---

July 14, 2016.
[7] Minute Entry for proceedings held before magistrate Judge Brooke C. Wells, docket no. 18, entered August 9, 2016.
[8] *Id.*
[9] Amended Notice of Hearing, docket no. 20, entered September 6, 2016.
[10] Minute Entry for proceedings held before Magistrate Judge Brooke C. Wells, docket no. 22, entered September 13, 2016.
[11] Motion ¶ 8.
[12] Motion ¶ 12.
[13] Motion at 1.
[14] Motion ¶ 12.
[15] Motion ¶ 12(a).

and other discovery is in a form that is unnecessarily cumbersome and therefore unreasonably accessible to the defense, thereby hindering the ability to prepare for trial.[16] (c) The case involves as many as 170 identified alleged victims.[17] (d) The case involves an alleged scheme to defraud that continued for just short of six years and involved transactions in, and with investors from, many different parts of the country.[18] (e) Based on an initial review of the case, the accountant feels that a thorough review of the accounting records would take at least six months.[19] That would include having at least two accountants working on the records nearly full-time.[20] Defense counsel will then need at least two months after that review is completed to be able to fully prepare for trial.[21] (f) Although there is only one defendant named in the indictment, at least one other person allegedly involved in the scheme is the subject of investigation by a state attorney general, which complicates the defense's ability to gather evidence.[22]

7. Defendant is not in custody and agrees with the need for a continuance of the trial and agrees that the defense will not be hindered or prejudiced by the delay.

8. Counsel for plaintiff, Robert A. Lund, has been contacted and does not object to the continuance.

9. There are no other defendants.

Based on the foregoing findings, the court concludes that failure to grant such a continuance would result in a miscarriage of justice and that it is unreasonable to expect

---

[16] Motion ¶ 12(b).
[17] Motion ¶ 12(c).
[18] Motion ¶ 12(d).
[19] Motion ¶ 11.
[20] *Id.*
[21] *Id.*
[22] Motion ¶ 12(e).

adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section. Therefore, the ends of justice served by such a continuance outweigh the best interests of the public and the defendant in a speedy trial.

THEREFORE, the 10-Day Jury Trial previously scheduled to begin on November 7, 2016 is hereby continued to the 19th day of June, 2017, at 8:30 a.m. Accordingly, the time between the filing of the Motion, October 6, 2016, and the new trial date set forth above, June 19, 2017 is excluded from Defendant's speedy trial computation for good cause.

Dated October 7, 2016.

BY THE COURT:

_____
David Nuffer
United States District Judge