JOHN W. HUBER, United States Attorney (#7226)
ROBERT A. LUND, Assistant United States Attorney (#9579)
Attorneys for the United States of America
185 South State Street, Suite 300
Salt Lake City, Utah 84111
Telephone: (801) 524-5682



---

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CHAD ROGER DEUCHER,<br><br>Defendant. | Case No.  2:16-CR-189-DN<br><br>STATEMENT BY DEFENDANT IN ADVANCE OF PLEA OF GUILTY AND PLEA AGREEMENT PURSUANT TO FED. R. CRIM. P. 11(c)(1)(C)<br><br>Judge David Nuffer |

I hereby acknowledge and certify that I have been advised of and that I understand the following facts and rights, and that I have had the assistance of counsel in reviewing, explaining, and entering into this agreement:

1.      As part of this agreement with the United States, I intend to plead guilty to Count 19 of the Indictment. My attorney has explained the nature of the charge against me, and I have had an opportunity to discuss the nature of the charge with my attorney. I understand the charge and what the government is required to prove in order to convict me. The elements of Count 19 of the Indictment, Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5 are:

First:      In connection with the purchase or sale of a security, the defendant did one or more of the following:

1) employed a device, scheme, or artifice to defraud;

2) made an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

3) engage in acts, transactions, practices, and courses of business which would operate and did operate as a fraud and deceit upon other persons.

Second:          The defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the mails in furtherance of the fraudulent conduct; and

Third:          The defendant acted willfully, knowingly, and with the intent to defraud.

2.      I know that the maximum possible penalty provided by law for Count 1 of the Indictment, a violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5, is a term of imprisonment of up to twenty (20) years, a fine of $5,000,000.00, a term of supervised release of up to three (3) years, and any applicable forfeiture. I understand that if I violate a term or condition of supervised release, I can be returned to prison for the length of time provided in 18 U.S.C. § 3583(e)(3).

a.  Additionally, I know the Court is required to impose an assessment in the amount of $100 for each offense of conviction, pursuant to 18 U.S.C. § 3013. Furthermore, restitution to the victims of my offense shall be ordered pursuant to 18 U.S.C. § 3663A.

b.  I understand that, if I am not a United States citizen, I may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

3.      I know that the sentencing procedures in this case and the ultimate sentence will be determined pursuant to 18 U.S.C. § 3553(a), and that the Court must consider, but is not bound by, the United States Sentencing Guidelines, in determining my sentence. I have discussed these procedures with my attorney. I also know that the final calculation of my sentence by the Court may differ from any calculation the United States, my attorney, or I may have made, and I will not be able to withdraw my plea if this occurs. However, because my plea of guilty is being entered pursuant to Rule 11(c)(1)(C), as explained below, I know that I will be able to withdraw my plea if the Court does not accept the terms of this agreement.

4.      I know that I can be represented by an attorney at every stage of the proceeding, and I know that if I cannot afford an attorney, one will be appointed to represent me.

5.      I know that I have a right to plead "Not Guilty" or maintain my earlier plea of "Not Guilty" and can have a trial on the charges against me.

6.      I know that I have a right to a trial by jury, and I know that if I stand trial by a jury:

a.  I have a right to the assistance of counsel at every stage of the proceeding.

b.  I have a right to see and observe the witnesses who testify against me.

c.  My attorney can cross-examine all witnesses who testify against me.

2

    d.   I can call witnesses to testify at trial, and I can obtain subpoenas to require the attendance and testimony of those witnesses.  If I cannot afford to pay for the appearance of a witness and mileage fees, the government will pay them.

    e.   I cannot be forced to incriminate myself, and I do not have to testify at any trial.

    f.   If I do not want to testify, the jury will be told that no inference adverse to me may be drawn from my election not to testify.

    g.   The government must prove each and every element of the offense charged against me beyond a reasonable doubt.

    h.   It requires a unanimous verdict of a jury to convict me.

    i.   If I were to be convicted, I could appeal, and if I could not afford to appeal, the government would pay the costs of the appeal, including the services of appointed counsel.

7.     If I plead guilty, I will not have a trial of any kind.

8.     I know that 18 U.S.C. § 3742(c)(1) sets forth the circumstances under which I may appeal my sentence.  However, fully understanding my right to appeal my sentence, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal as set forth in paragraph 12 below.

9.     I know that, under 18 U.S.C. § 3742(c)(2), the United States may only appeal my sentence if it is less than the sentence set forth in this agreement.

10.    I know that under a plea of guilty the judge may ask me questions under oath about the offense.  The questions, if asked on the record and in the presence of counsel, must be answered truthfully and, if I give false answers, I can be prosecuted for perjury.

11.    I stipulate and agree that the following facts accurately describe my conduct. These facts provide a basis for the Court to accept my guilty plea:

    a.   Beginning in and around March of 2010 and continuing to around February of 2016, within the Central Division of the District of Utah and elsewhere, I solicited approximately 170 investors to invest approximately $16,000,000 in various real estate-based securities offerings secured with promissory notes.  In relation to those investments, without authority or knowledge of the investors, I used investor funds to pay other investors and I used the money for my own personal benefit and living expenses.

    b.   As part of the sale of these securities, I failed to disclose to investors that the properties Marquis offered as collateral were not owned by Marquis, were substantially encumbered, and/or were in uninhabitable or blighted condition; that Marquis was insolvent and unable to make interest and principal payments to

3

investors according to terms of agreements; and that investor returns were paid from the funds of new investors.

c.      As part of the sale of these securities, I communicated with investors via email and telephone and made or caused to be made, one or more of the following false and fraudulent representations to investors:

i.      That investors would receive a full return of the principal invested in addition to rental income, interest payments, and sales profits;

ii.     That the investments were safe, low-risk, or risk-free because the investments were secured by a first deed of trust on property wholly owned by Marquis Properties;

iii.    That investment would be "over-collateralized";

iv.     That investment returns were the result of positive investment performance, when in fact, I paid new investors with old investor money (i.e. I made Ponzi payments to new investors).

d.      On January 20, 2015, in furtherance of the fraud scheme, I provided a secured promissory note to RH.

e.      I knew and understood that it was illegal to fraudulently take money from investors in connection with the purchase or sale of securities.  I knew and understood that it was illegal to make a misrepresentation of a material fact or an omission of a material fact related to the purchase or sale of securities.  I knew and understood that it was illegal to engage in a course of conduct which operates as a fraud or deceit upon a person relating to the purchase or sale of securities.

12.     The only terms and conditions pertaining to this plea agreement between me and the United States are as follows:

a.  **Guilty Plea.**  I will plead guilty to Count 19 of the Indictment.

b.  **Resolution of SEC litigation.**  I further agree to resolve the outstanding issues in matter of *SEC v. Deucher*, Case No. 2:16-CV-00040-JNP.  I specifically agree to perform the following:

(1) I agree to fully and truthfully disclose to the SEC and the Receiver the existence and location of all funds and assets which I own or over which I have control as well as any assets that were sold, or otherwise disposed of, after January 20, 2016.

(2) In order to resolve any issues regarding the disposition of assets, I agree to waive any attorney-client privilege that exists between myself and the law firm of Fillmore Spencer, LLC.

4

(3) I agree to the entry of a disgorgement order in the amount of **$16,560,552.00.**

(4) I agree to immediately submit to a deposition with counsel for the SEC and the Receiver.

c. **Stipulated Sentence.** Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the sentence imposed by the Court will be 84 months of imprisonment, followed by two (3) years of supervised release. I further agree that a sentence 84 months is a reasonable sentence.

RAC   THREE

(1)   I understand that this agreement, including my plea, the agreed upon sentence, and all other terms referenced herein, are subject to the approval of, and acceptance by the Court. I further understand that the Court will likely order the preparation of a Presentence Report to assist in the determination of whether this plea and the agreement are appropriate, and I agree to fully cooperate in the preparation of the Presentence Report.

(2)   If, after receiving all relevant information, the Court rejects the plea agreement and determines that the sentence should be greater than 84 months, I will have the right to withdraw the plea of guilty and the terms of this agreement will become null and void. Likewise, if the Court rejects the plea agreement and determines that the sentence should be less than 84 months, I understand that the United States will have the right to move to vacate this agreement, and all terms of this agreement will become null and void.

d. **Relevant Conduct.** I understand and agree that the Presentence Report may include descriptions of conduct I engaged in which either was not charged against me, will not be pleaded to by me, or both. I understand and agree that the Court will take these facts into consideration in determining the reasonableness of the stipulated sentence.

e. **Appeal Waiver.**

(1)   Fully understanding my limited right to appeal my sentence, as explained above in paragraph 8, and in consideration of the concessions and/or commitments made by the United States in this plea agreement, I knowingly, voluntarily, and expressly waive my right to appeal any sentence imposed upon me, except that I do not waive the right to appeal as set forth in 18 U.S.C. § 3742(c)(1), which states that I may not file a notice of appeal unless the sentence imposed is greater than the sentence set forth in this agreement.

(2)   I also knowingly, voluntarily, and expressly waive my right to challenge my sentence, except as set forth in (2)(a) above, in any collateral review motion, writ or other procedure, including but not limited to a motion brought under 28 U.S.C. § 2255, except on the issue of ineffective assistance of counsel.

(3)   I understand that this waiver of my appeal and collateral review rights concerning my sentence shall not affect the government's right to appeal my sentence pursuant to 18 U.S.C. § 3742(c)(2) and § 3742(b)(1) and (2).

(4)   I further understand and agree that the word "sentence" appearing throughout this waiver provision is being used broadly and applies to all aspects of the Court's

5

sentencing authority, including, but not limited to:  (1) sentencing determinations; (2) the imposition of imprisonment, fines, supervised release, probation, and any specific terms and conditions thereof; and (3) any orders of restitution.

        f.  **Presentence Report and Financial Information.**  I agree to provide truthful and complete information, including financial information, as requested by the probation office for the preparation of my presentence report and for determination of the conditions of my supervised release.  I also consent to allowing the United States Attorney's Office to run a credit check on me.  I consent to being placed on the Treasury Offset Program and State Finder.

        g.  **Restitution.**

        (1)    I agree that, pursuant to the provisions of 18 U.S.C. § 3663A(a)(1) and (c)(1), the Court shall order me to pay restitution. I also agree to pay restitution to victims of unpleaded or uncharged relevant conduct pursuant to 18 U.S.C. § 3663A(a)(3).  I agree that my relevant conduct constitutes an offense for which mandatory restitution would be required by 18 U.S.C. § 3663A(c)(1), and that restitution shall be ordered by the Court.

        (2)    Under 18 U.S.C.  §§ 3663(a)(3)( and 3663A(a)(3), I agree to pay restitution, in the approximate amount of **$16,560,552.00**, to the victims of my fraud at the time of sentencing.  I agree that the Court shall order me to pay a specific restitution amount at the time of sentencing.

        (3)    I understand that the amount of restitution will be approximately **$16,560,552.00** and the schedule of payments will be determined as a part of the sentencing proceedings in accordance with the provisions of 18 U.S.C. § 3664, and that under 18 U.S.C. § 3664(h), the Court can make me liable for the full amount of restitution owed.  I agree to pay all restitution as ordered by the Court.  I understand the payment of restitution is governed by 18 U.S.C. § 3664, and my lawyer has explained the consequences of an order of restitution.

        (4)    I understand that the government will recommend, and I agree that the Court should order, that during incarceration my restitution will be payable on a schedule of the greater of $10.00 every three months or 50% of my income in prison from both institution and other sources.  I agree to pay restitution during any period of incarceration imposed on me.

        (5)    I understand and agree that payment of any restitution owed, pursuant to the schedule set by the Court at sentencing, should be a condition of any term of probation or supervised release imposed upon me.  I know that if I fail to pay restitution as ordered, the failure can be considered a violation of probation or supervised release and, pursuant to 18 U.S.C. § 3614, the Court can resentence me to any sentence which might originally have been imposed in my case.

        (6)    The government agrees that the total restitution amount shall be reduced by any currency or assets collected by the United States Securities and Exchange Commission ("SEC") through settlement of any civil enforcement proceeding against the defendant or by any other legal offsets.

h.   **Waiver of Interest.** The government agrees to recommend that the Court waive interest for fines and restitution assessed against me.

i.   **Forfeiture.**

(1)   I agree to forfeit all property acquired from or traceable to my offense and all property that was used to facilitate my offense, including, but not limited to, the following specific property:

- MONEY JUDGMENT in the approximate amount of **$16,560,552.00**, representing the value of the proceeds obtained by the defendant in connection with the above-referenced offenses. This money judgment will be satisfied and reduced, in part, by the value of specific items of property that are forfeited in this matter (including those listed below), or in any related civil or administrative forfeiture proceeding;

(2)   I acknowledge that all property covered by this agreement is subject to forfeiture because it represents the proceeds of illegal conduct or helped facilitate illegal conduct.

(3)   I agree that all such property may be forfeited in either an administrative, civil and/or criminal judicial proceeding. I agree that I will not make a claim to the property or otherwise oppose forfeiture in any such proceedings, and I will not help anyone else do so. If I have already made such a claim, I hereby withdraw it. I further agree that I will sign any necessary documents to ensure that clear title to the forfeited assets passes to the United States, and that I will testify truthfully in any judicial forfeiture proceeding. In addition, I agree that I will not make any claim to property forfeited by any other defendant in this case.

(4)   I hereby waive any claims I may have against the United States regarding the seizure and forfeiture of the property covered by this agreement.

(5)   I hereby waive the requirements regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

(6)   I hereby waive any constitutional or statutory challenges to the forfeiture covered by this agreement, including that the forfeiture is an excessive fine or punishment.

(7)   The government agrees to petition the United States Attorney General to apply the forfeited funds, including any forfeiture money judgment collected, toward restitution that will be ordered pursuant to this agreement and entered as part of the judgment in this case.

13.   I understand and agree that this plea agreement is solely between me and the United States Attorney for the District of Utah and does not bind any other federal, state, or local prosecuting, administrative, or regulatory authorities.

14.   I understand that I have a right to ask the Court any questions I wish to ask concerning my rights about these proceedings and the plea.

\*        \*        \*        \*

I make the following representations to the Court:

1.      I am __44__ years of age.  My education consists of __13 years__.  I _____ [can/cannot] read and understand English.

2.      This Statement in Advance contains all terms of the agreements between me and the government; if there are exceptions, the Court will be specifically advised, on the record, at the time of my guilty plea of the additional terms.  I understand the government and I cannot have terms of this plea agreements that are not disclosed to the Court.

3.      No one has made threats, promises, or representations to me that have caused me to plead guilty, other than the provisions set forth in this agreement.

4.      Neither my attorney nor the government has promised me that I would receive probation or any other form of leniency because of my plea.

5.      I have discussed this case and this plea with my lawyer as much as I wish, and I have no additional questions.

6.      I am satisfied with my lawyer.

7.      My decision to enter this plea was made after full and careful thought; with the advice of counsel; and with a full understanding of my rights, the facts and circumstances of the case and the consequences of the plea.  I was not under the influence of any drugs, medication, or intoxicants when I made the decision to enter the plea, and I am not now under the influence of any drugs, medication, or intoxicants.

8.      I have no mental reservations concerning the plea.

9.      I understand and agree to all of the above.  I know that I am free to change or delete anything contained in this statement.  I do not wish to make changes to this agreement because I agree with the terms and all of the statements are correct.

DATED this __19th__ day of __April__, 2017.

_____
CHAD ROGER DEUCHER
Defendant

8

I certify that I have discussed this plea agreement with the defendant, that I have fully explained his rights to him, and that I have assisted him in completing this written agreement. I believe that he is knowingly and voluntarily entering the plea with full knowledge of his legal rights and that there is a factual basis for the plea.

DATED this 19th day of _____April_____, 2017.

_____
ROBERT K. HUNT
Attorney for Defendant

I represent that all terms of the plea agreement between the defendant and the government have been, or will be at the plea hearing, disclosed to the Court, and there are no undisclosed agreements between the defendant and the United States.

DATED this 19 day of _____April_____, 2017.

JOHN W. HUBER
United States Attorney

_____
ROBERT A. LUND
Assistant United States Attorney

9