THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHAD ROGER DEUCHER,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:16-cr-00189-DN<br><br>District Judge David Nuffer |

Defendant Chad Roger Deucher filed a motion seeking compassionate release ("Motion").[1] The government and the United States Probation Office oppose the Motion.[2] Because Mr. Deucher fails to demonstrate extraordinary and compelling reasons to justify compassionate release, and because jurisdiction is lacking over his request for home confinement, Mr. Deucher's Motion[3] is DENIED.

## DISCUSSION

### Mr. Deucher's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court

---

[1] Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A) ("Motion"), docket no. 84, filed Jan. 25, 2021. Mr. Deucher originally filed a motion for compassionate release on January 15, 2021, which asserted the same arguments as his current Motion. Emergency Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582(c)(1)(A), docket no. 81, filed Jan. 15, 2021. The original motion was terminated based on the filing of his current Motion. Mr. Deucher has also filed a reply memorandum in support of his current Motion. Response to United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence under 18 U.S.C. § 3582(c)(1)(A)(i), docket no. 93, filed Mar. 29, 2021.

[2] United States' Opposition to Defendant's Emergency Motion for Compassionate Release and Reduction of Sentence Under 18 U.S.C. § 3582(c)(1)(A)(i) ("Response"), docket no. 87, filed Feb. 10, 2021; First Step Act Relief Recommendation ("Recommendation"), docket no. 89-8, filed under seal Feb. 16, 2021.

[3] Docket no. 84, filed Jan. 25, 2021.

him or herself."[4] However, to file such a motion, a defendant must have "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [("BOP")] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[5] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[6] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[7]

Mr. Deucher submitted a request for relief under the First Step Act to the warden at FCI Safford on November 18, 2020.[8] The Warden denied Mr. Deucher's request on November 27, 2020.[9] Mr. Deucher then filed his Motion on January 25, 2021. Therefore, the Motion is procedurally proper, and its merits may be addressed.[10]

### Mr. Deucher fails to demonstrate extraordinary and compelling reasons to justify compassionate release

Mr. Deucher argues that because his medical conditions and age place him in the high-risk category of suffering serious complications or death if he contracts COVID-19, extraordinary and compelling reasons exist to justify compassionate release.[11] Mr. Deucher is 48

---

[4] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F. Supp. 3d 1185, 1187 (D. N.M. 2019)).

[5] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[6] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[7] 18 U.S.C. § 3582(c)(1).

[8] Docket no. 84-1, filed Jan. 25, 2021.

[9] Docket no. 84-2, filed Jan. 25, 2021.

[10] 18 U.S.C. § 3582(c)(1)(A).

[11] Motion at 2-3.

years old[12] and has served approximately 46 months (~55%) of his 84-month prison sentence.[13] Mr. Deucher's asserts that he suffers from asthma, extreme anxiety disorder, major depressive disorder, cluster migraines, and obesity.[14] He also asserts that he is predisposed to respiratory illnesses.[15] Mr. Deucher further asserts that the conditions of his confinement make it very difficult to practice the CDC guidelines for social distancing and sanitation.[16] And Mr. Deucher asserts that if released, he will not be a danger to the community; he will reside with his parents in Orem, Utah; and he has already been offered full-time employment.[17]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission ("USSC") has defined the phrase "to include serious medical conditions and the age of the defendant."[18] The USSC policy statement is not binding for purposes of Mr. Deucher's Motion.[19] But it does provide helpful considerations for determining whether Mr. Deucher's circumstances constitute extraordinary and compelling reasons to justify relief. Specifically, the policy statement provides that "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

---

[12] *Id*. at 8.

[13] First Step Act Relief Eligibility Report ("Report") ¶ 2 at 3, docket no. 89, filed under seal Feb. 16, 2021.

[14] Motion at 8.

[15] *Id*.

[16] *Id*. at 12-13.

[17] *Id*. at 18-19.

[18] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[19] *United States v. Maumau*, No, 2:08-cr-00758-TC-11, 2020 WL 806121, *4 (D. Utah Feb. 18, 2020).

> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[20]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[21]

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[22]

Mr. Deucher fails to demonstrate that his medical conditions constitute extraordinary and compelling reasons to justify relief. He does not assert that he is suffering from a terminal illness. He also provides insufficient evidence and argument regarding the seriousness of his conditions, his likelihood of recovery, or the ways in which his conditions negatively impact him and his ability for self-care. On this record, Mr. Deucher fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; suffering from a serious functional impairment; or deteriorating physical health that substantially diminish his ability to provide self-care within a correctional facility.

---

[20] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[21] *Id*. at Commentary Application Notes 1(B).

[22] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

Mr. Deucher also fails to meet the age-based factors for extraordinary and compelling reasons to justify compassionate release. Mr. Deucher is 48 years old.[23] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And he has not served at least 10 years or 75 percent of his prison term. He has served approximately 46 months, which is approximately 55% of his 84-month prison sentence.[24]

Additionally, the combination of Mr. Deucher's medical conditions and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Mr. Deucher asserts that his medical conditions put him in the high-risk category for serious complications or death if he contracts COVID-19.[25] Although Mr. Deucher's obesity places him in the high-risk category,[26] the CDC has not identified extreme anxiety disorder, major depressive disorder, or cluster migraines as increasing an individual's risk of serious complications from COVID-19.[27] And Mr. Deucher's assertions that he suffers from asthma and is predisposed to respiratory illness are not supported by his BOP medical records[28] or other record evidence. Regardless, however, Mr. Deucher contracted COVID-19 in December 2020 or January 2021, remained asymptomatic, and has since recovered.[29] Additionally, Mr. Deucher's BOP medical records indicate that he is receiving medical attention, treatment, and medication

---

[23] Motion at 8.

[24] Report ¶ 2 at 3.

[25] Motion at 2-6.

[26] https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Apr. 2, 2021).

[27] Id.

[28] BOD Medical Records, docket no. 88-1, docket no. 88-2, docket no. 88-3, filed under seal Feb. 10, 2021.

[29] Id.

for his medical conditions.[30] There is only a potential that Mr. Deucher may contract COVID-19 again while in BOP custody.[31] That potential also exists if he is granted compassionate release.

The BOP has implemented substantial restrictions on inmates and prison staff to limit personal interactions and curb the spread of COVID-19. These restrictions include canceling all programs, classes, and counseling for inmates. Indeed, the BOP has implemented stringent protocols in order to stop any spread of COVID-19 to inmates and staff. These protocols include:

- All inmates in every institution are secured in their assigned cells for a period of at least 14 days;

- Only limited group gathering is permitted to facilitate commissary, laundry, showers, telephone, and computer access;

- All staff and inmates have been and will continue to be issued face masks and encouraged to wear an appropriate face covering when in public areas when social distancing cannot be achieved;

- All newly admitted inmates are screened for COVID-19 exposure and symptoms;

- Asymptomatic inmates with risk of exposure are placed in quarantine for a minimum of 14 days or until cleared by medical staff;

- Symptomatic inmates are placed in isolation until they test negative for COVID-19 or are cleared by medical staff as meeting CDC criteria for release from isolation;

- Prison staff are temperature checked before entering the facilities, and any staff member with a temperature of 100.4 degrees Fahrenheit or higher is barred from the facility;

- Staff members having a stuffy or runny nose may be placed on leave by a medical officer;

- Official travel for prison staff, and most training, has been cancelled;

---

[30] *Id*.

[31] The risk of reinfection to Mr. Deucher is unknown, as is whether he would have a different outcome than with his original infection. Speculating on such risks is insufficient to demonstrate extraordinary and compelling reasons to justify compassionate release.

- Beginning March 13, 2020, social and legal visits at facilities were suspended; and
- Expanded COVID-19 testing for inmates and vaccine administration.[32]

Despite these protocols and precautions, FCI Safford has not avoided the COVID-19 pandemic. There are currently four staff members and no inmates with confirmed active COVID-19 cases at FCI Safford.[33] Mr. Deucher may be able to exercise more personal control over following CDC guidelines and recommendations if released. However, on this record, Mr. Deucher has not shown that he is more likely to contract COVID-19 a second time while in custody than if released.

Therefore, Defendant has failed to demonstrate that his conditions and circumstances (considered individually or collectively) justify granting him compassionate release.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. Deucher compassionate release. He was convicted of one count of Securities Fraud, in violation of 15 U.S.C. § 78j(b).[34] The charge arose from the use of a Ponzi scheme to collect approximately $28,000,000 from nearly 250 investors, most of which Mr. Deucher directed, controlled, and used for purposes other than what he promised investors.[35] Mr Deucher's criminal history includes charges for Driving Under the Influence of Alcohol and Issuing a Bad Check or Draft.[36] His guideline range of imprisonment was 151 months to 188 months.[37] He was

---

[32] https://www.bop.gov/coronavirus (last visited Apr. 5, 2021).

[33] *Id.*

[34] Amended Judgment in a Criminal Case ("Judgment") at 1, docket no. 77, filed Oct. 17, 2017.

[35] Presentence Investigation Report ("PSR") ¶¶ 6-20 at 3-7, docket no. 89-1 filed under seal Feb. 16, 2021.

[36] *Id.* ¶¶ 52-53 at 10-11.

[37] *Id.* ¶ 75 at 14.

sentenced to 84 months,[38] well below the low end of his guideline range. Mr. Deucher was also sentenced to a 36-month term of supervised release.[39]

The serious nature and circumstances of Mr. Deucher's offense, the appropriateness of the original 84-month prison sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Mr. Deucher. Therefore, Mr. Deucher has not demonstrated that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

### Jurisdiction is lacking over Mr. Deucher's request for home confinement

Mr. Deucher alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[40] However, the authority to designate the place of an inmate's incarceration rests with the BOP, not the sentencing court.[41] "The [BOP] is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[42] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the BOP] is not reviewable by any court."[43] Therefore, jurisdiction is lacking over Mr. Deucher's request for home confinement.

---

[38] Judgment at 2.

[39] *Id*. at 3.

[40] Motion at 1, 16, 21-22.

[41] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[42] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[43] 18 U.S.C. § 3621(b).

## ORDER

THEREFORE, IT IS HEREBY ORDERED that Mr. Deucher's Motion[44] is DENIED.

Signed April 6, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[44] Docket no. 84, filed Jan. 25, 2021.